IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HENRY FERTILIZER HOLDINGS, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 21-10562 (CSS) <br><br> **Hearing Date: May 7, 2021 at 11:00 a.m. (ET)** <br> **Objection Deadline: April 28, 2021 at 4:00 p.m. (ET)** |
| In re: <br><br> UNITY ENVIROTECH OF ILLINOIS, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 21-10563 (CSS) |

**APPLICATION OF DAVID W. CARICKHOFF,
CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY
CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY
RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO
EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC AS
ACCOUNTANTS AND FINANCIAL ADVISORS TO THE
CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 14, 2021**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estates of Henry Fertilizer Holdings, LLC and Unity Envirotech of Illinois, LLC (together, the "Debtors"), hereby files this application (the "Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1, for entry of an order authorizing him to employ and retain Giuliano, Miller & Company, LLC ("GMC") as accountants and financial advisors to the Trustee, effective as of March 14, 2021. In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Application.

2. The predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## BACKGROUND

3. On March 12, 2021 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4. On March 14, 2021, the Trustee was appointed as trustee of the Debtors' estates pursuant to Bankruptcy Code section 701(a).

5. Prior to the Petition Date, the Debtors manufactured granulated ammonium sulfate fertilizer products for agricultural use and operated a facility located in Henry, Illinois under the name Centilion Fertilizer Company.

6. The section 341(a) meeting of creditors was held on April 13, 2021.

7. The Trustee has decided, subject to this Court's approval, to retain GMC as the Trustee's accountants and financial advisors in connection with the administration of this chapter 7 case.

## APPLICATION TO EMPLOY AND RETAIN GMC

8. By this Application, and pursuant to sections 327 and 328 of the Bankruptcy Code, the Trustee seeks an order approving the employment and retention of GMC as accountants and financial advisors, effective as of March 14, 2021.

9. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, a professional to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10. In addition, pursuant to section 327 of the Bankruptcy Code, a chapter 7 trustee may employ a professional to assist the chapter 7 trustee in carrying out the trustee's duties if that professional is disinterested, as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate.

11. GMC has advised the Trustee that GMC neither holds an adverse interest in connection with the Debtors' cases, nor represents any other entity having an adverse interest in connection with the Debtors' cases, and is disinterested, as defined in section 101(14) of the Bankruptcy Code.

12. The Trustee has selected GMC because of its experience and knowledge and because of the absence of any conflict of interest. As detailed in the Declaration of Donna Miller (the "Declaration"), annexed hereto as **Exhibit "1,"** GMC has advised the Trustee that GMC may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtors' pending chapter 7 cases, entities that are claimants of the Debtors or other parties-in-interest in this chapter 7 case. GMC has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Debtors or these chapter 7 cases. The Trustee believes that GMC is qualified to represent the Trustee in these cases.

13. The services GMC may be required to render for the Trustee include, without limitation, the following:

(a) Locating electronic and hard copy financial and business records. Making backups of electronic financial and business records or removing servers. At Trustee's direction, coordinating transition of financial and business records from the Debtors to the Trustee;

(b) Inventorying the Debtors' financial records;

(c) Meeting with and advising the Trustee and/or counsel on matters concerning case administration, operations and managerial responsibilities as necessary;

(d) Performing any review, preparation, or audit of the Debtors' filed tax returns and prepare, if necessary, any additional filings with either the Internal Revenue Service or the relevant state authorities;

(e) Performing an analysis of the Debtors' books and records regarding potential avoidance actions or other causes of action. This includes preparing a computer generated new value and ordinary course defense analyses;

(f) Researching and advising the Trustee with respect to funds owed to the Debtors;

(g) Assisting the Trustee and his retained professionals in analyzing and reconciling to the general ledger and other accounting records and tax returns/notices, as necessary, the claims, including tax claims filed against the Debtors' estates;

(h) Performing general accounting and tax advisory services to the Trustee regarding the administration of the bankruptcy estate;

(i) Performing any auditing and/or "forensic accounting" services as required for the Trustee to administer this case;

(j) If appropriate, assisting the Trustee in continuing to perform obligations required of administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any employee benefit plans of the Debtors to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise;

(k) Analyzing the financial operations of the Debtors pre and post-petition, as necessary, where the Trustee is considering or is operating under 11 U.S.C. § 721;

(l) Conducting any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and its values;

(m) Analyzing and advising with respect to any sale of the Debtors' assets;

  (n)  Analyzing general ledgers and other accounting records for possible insider preferences and/or related/affiliated company transfers;

  (o)  Analyzing transactions with the Debtors' financing institutions;

  (p)  Assisting counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; and

  (q)  Rendering such other assistance as the Trustee and/or his counsel may deem appropriate, including, but not limited to with respect to financial, business and economic issues that may arise.

14.  GMC will work with the Trustee in an effort to avoid duplication of services provided by the Trustee's other professionals.

15.  The Trustee requests that GMC be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GMC incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

16.  GMC has advised the Trustee that GMC's current range of hourly rates are as follows, subject to annual or periodic change:

| Professional Type and Level | Hourly Rate |
| --- | --- |
| Senior Member | $695 |
| Manager | $545 |
| Senior Staff | $450 - $475 |
| Staff | $295 - $375 |
| Paraprofessional | $240 |

The Trustee submits that GMC's customary hourly rates are reasonable.

## NOTICE

17.  The Trustee has provided notice of the Application to the (i) U.S. Trustee (ii) counsel to the agent for the pre-petition senior secured lenders and (iii) all parties who have filed

a notice of appearance in these cases. The Trustee submits that no other or further notice is necessary or required.

## **NO PRIOR RELIEF**

18. No previous application for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto, authorizing the retention of GMC as the Trustee's accountants and financial advisors, effective as of March 14, 2021, and grant the Trustee such other and further relief as is just and proper.

Dated: April 14, 2021                  /s/ David W. Carickhoff
                                       DAVID W. CARICKHOFF
                                       Chapter 7 Trustee