# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UNITY ENVIROTECH OF ILLINOIS, LLC, | Case No. 21-10563 (CSS) |
| Debtor. | Hearing Date: May 7, 2021 at 11:00 a.m. (ET)<br>Objection Deadline: April 29, 2021 at 4:00 p.m. (ET) |

**APPLICATION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN PIPER SANDLER & CO. AS INVESTMENT BANKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF MARCH 14, 2021, PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), AND WAIVING CERTAIN TIME-KEEPING REQUIREMENTS OF LOCAL RULE 2016-2**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Unity Envirotech of Illinois, LLC (the "Debtor") in the above-captioned chapter 7 case (the "Chapter 7 Case"), hereby files this application (the "Application") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order authorizing the Trustee to employ and retain Piper Sandler & Co. ("Piper Sandler") as investment banker to the Trustee, effective as of March 14, 2021, and waiving certain time-keeping requirements of Local Rule 2016-2. In support of this Application, the Trustee respectfully states as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Application.

2.  The predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

## BACKGROUND

3.  On March 12, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.  Prior to the Petition Date, the Debtor manufactured granulated ammonium sulfate fertilizer products for agricultural use and operated a facility located in Henry, Illinois (the "Facility") under the name Centilion Fertilizer Company.

5.  On March 14, 2021, the Trustee was appointed as trustee of the Debtor's estate pursuant to Bankruptcy Code section 701(a).[1]

6.  The section 341(a) meeting of creditors was held on April 13, 2021.

7.  On April 1, 2021, the Trustee filed a motion seeking authority to sell the Debtor's right, title, and interest in and to the assets related to the Debtor's Facility (collectively, the "Purchased Assets"), including the Debtor's real property and related machinery, equipment, inventory, and other personal property [D.I. 34] (the "Sale Motion").

8.  On April 5, 2021, the Trustee filed a motion seeking authority to use cash collateral of Silverpeak Credit Partners, LP (the "Silverpeak"), as agent for the pre-petition senior secured lenders, subject to the terms and conditions set forth therein [D.I. 40] (the "Cash Collateral Motion").

---

[1] The Trustee also has been appointed trustee in the related case of *In re Henry Fertilizer Holdings, LLC*, No. 21-10562 (CSS) ("Henry Fertilizer").

**APPLICATION TO EMPLOY AND RETAIN PIPER SANDLER**

9. By this Application, and pursuant to sections 327 and 328 of the Bankruptcy Code, the Trustee seeks the entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), approving the employment and retention of Piper Sandler as investment banker, effective as of March 14, 2021.

10. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, a professional to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11. In addition, pursuant to section 327 of the Bankruptcy Code, a chapter 7 trustee may employ a professional to assist the chapter 7 trustee in carrying out the trustee's duties if that professional is disinterested, as defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate.

12. Piper Sandler has advised the Trustee that Piper Sandler neither holds an adverse interest in connection with the Debtor's case, nor represents any other entity having an adverse interest in connection with this Chapter 7 Case, and is disinterested, as defined in section 101(14) of the Bankruptcy Code. Similarly, Piper Sandler neither holds nor represents any interest adverse to Henry Fertilizer.

13. The Trustee has selected Piper Sandler because of its experience and knowledge and because of the absence of any conflict of interest.

14. As detailed in the Declaration of Callie Grossman (the "Declaration"), annexed hereto as **Exhibit B**, the Debtor engaged Piper Sandler in March 2020 as its financial advisor and investment banker to explore certain transactions for the Debtor, including a potential sale of the

Purchased Assets. Prior to the Petition Date, Piper Sandler ran a sale and marketing process for the Debtor's assets and identified certain parties with an interest in potentially purchasing such assets. In particular, Piper Sandler established a virtual data room and reached out to between 50 and 60 parties (both financial and strategic) that it thought might have an interest in the Debtor's assets. Approximately 20 nondisclosure agreements were executed by potentially interested parties, five parties performed site visits, and four parties executed non-binding letters of intent.

15. As further detailed in the Declaration, Piper Sandler has advised the Trustee that Piper Sandler may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtor and the Chapter 7 Case, entities that are claimants of the Debtor, or other parties-in-interest in this Chapter 7 Case. Piper Sandler investment banking has not and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Debtor or this Chapter 7 Case. The Trustee believes Piper Sandler is qualified to represent the Trustee in this case.

16. The services Piper Sandler will render as investment banker to the Trustee are necessary to enable him to maximize the value of the estate's assets and include, without limitation, the following:

    a. assist with structuring and effectuating a sale of the Purchased Assets;

    b. identify interested parties and/or potential acquirers and, at the Trustee's request, contact such interested parties and/or potential acquirers; and

    c. advise the Trustee in connection with negotiations with potential interested parties and/or acquirers and aid in the consummation of a sale transaction, among other things.

17. Piper Sandler has been providing services to the estate since the Trustee's appointment. Accordingly, Piper Sandler's employment as investment banker to the Trustee should be approved effective as of March 14, 2021.

18. Piper Sandler has advised the Trustee it has used and will use reasonable efforts to coordinate with the Trustee and his other retained professionals to avoid the unnecessary duplication of services in this Chapter 7 Case.

19. The Trustee has agreed, subject to approval of this Court, to compensate Piper Sandler as follows:

   a. a success fee equal to three percent (3%) of the final net purchase price actually paid to the Trustee following the successful consummation and closing of a sale of the Purchased Assets approved by this Court; and

   b. reimbursement for reasonable actual and necessary out-of-pocket expenses incurred by Piper Sandler postpetition in connection with the provision of the above-referenced services; provided that, Piper Sandler shall obtain the prior consent of the Trustee before incurring any expense in an amount of $2,500 or more.

20. By this Application, the Trustee is seeking approval of Piper Sandler's compensation pursuant to Bankruptcy Code section 328(a) and not subject to the standard of review set forth in Bankruptcy Code section 330, provided that any reimbursable expenses must be reasonable.

21. The Trustee respectfully submits approval under section 328(a) is appropriate in this case because, as set forth in the Cash Collateral Motion, Silverpeak has agreed that any fees and expenses of Piper Sandler shall be paid from the Secured Parties' (as defined in the Cash Collateral Motion) share of the proceeds of the collateral and that no part of the Carve-Out[2] shall be used to pay any fees and expenses of Piper Sandler. In the event that a credit bid by the Secured Parties is the successful bid, the successful bidder will satisfy Piper Sandler's allowed fees and expenses.

---

[2] As described more fully in the Cash Collateral Motion, the Carve-Out consists of unencumbered cash from the sale of the Secured Parties' Collateral that the Trustee may use to pay administrative expenses of the estate, including without limitation the Trustee's commission and fees and expenses of the Trustee's professionals (other than Piper Sandler, whose fees and expenses are to be paid from the Secured Parties' proceeds of the Collateral) and potentially to fund a distribution to unsecured creditors.

5

22. Given the foregoing and the fact that Piper Sandler's compensation is based on a fixed percentage fee, the Trustee submits that cause exists to waive any requirement in the Local Rules or otherwise that Piper Sandler maintain time records in connection with its services as investment banker to the Trustee.

23. In addition, the Court should waive the requirements of Local Rule 2016-1(k) with respect to Piper Sandler and permit Piper Sandler to file a final fee application after the sale has closed and Piper Sandler has completed its services as investment banker to the Trustee.

24. Subject to the foregoing, Piper Sandler will file one or more applications with this Court on notice to the Trustee, the Office of the United States Trustee, Silverpeak, and parties requesting notice pursuant to Bankruptcy Rule 2002 seeking interim or final approval of its compensation and expenses.

25. For the foregoing reasons, the Trustee submits the proposed employment of Piper Sandler on the terms set forth herein is reasonable, appropriate, and in the best interest of the estate and its creditors and, therefore, should be approved.

## **NOTICE**

26. Notice of this Application has been provided to (i) the Office of the United States Trustee, (ii) Silverpeak, and (iii) all parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in this Chapter 7 Case. The Trustee submits no other or further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order annexed hereto authorizing and approving the employment and retention of Piper Sandler on the terms set forth herein and granting the Trustee such other and further relief as is just and proper.

Dated: April 15, 2021         */s/ David W. Carickhoff*
                              DAVID W. CARICKHOFF
                              Chapter 7 Trustee