IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| UNITY ENVIROTECH OF ILLINOIS, LLC, | Case No. 21-10563 (CSS) |
| Debtor. | Re: Dkt. No. 34 |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004, 6006 AND 9014 (I) APPROVING THE SALE OF THE DEBTOR'S ASSETS RELATED TO ITS FACILITY; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) AUTHORIZING CONSUMMATION OF A SALE TRANSACTION; AND (IV) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion") of David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Unity Envirotech of Illinois, LLC (the "Debtor"), for Entry of an Order Pursuant To 11 U.S.C. §§ 105(a), 363, and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014 (I) Approving the Sale of the Debtor's Assets Related its Facility; (II) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Authorizing Consummation of the Sale Transaction; And (IV) Granting Related Relief; and a hearing having been held (the "Sale Hearing") to consider approval of the sale of the Purchased Assets to the Buyer (as well as the transfer, assumption and assignment of the Assigned Contracts to the Buyer) pursuant to the terms and conditions of the Asset Purchase Agreement (as subsequently amended or modified, the "Purchase Agreement")[1] by and between the Trustee and Silverpeak Credit Partners LP or its designee (the "Buyer"); and adequate and sufficient notice of the Motion, and the Purchase

---

[1]   Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion, or Purchase Agreement, as applicable.

NY: 995292-2

Agreement and this Sale Order having been given; and the Court having reviewed and considered: (i) the Motion; (ii) the objections thereto, if any; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing or submitted in advance of the Sale Hearing; and after due deliberation thereon; and good and sufficient cause appearing therefor, it hereby is

FOUND AND DETERMINED THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction over the Motion and the transactions contemplated by the Purchase Agreement (the "Sale Transaction") under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The Court may enter a final order with respect to the Motion, the Sale Transaction, and all related relief, in each case, consistent with Article III of the United States Constitution.

C. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002, 6004, 6006 and 9014.

D. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

E.  As evidenced by the affidavits or certificates of service filed with this Court: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Purchase Agreement, the Sale Hearing, and the other relief granted herein, and a substantially similar form of this Sale Order, have been provided in accordance with Bankruptcy Code sections 102(1), 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004 and 6006; (ii) such notice was good, sufficient and appropriate under the circumstances and in accordance with the Bid Procedures Order; and (iii) no other or further notice of the Motion, the Sale Hearing, the sale of the Purchased Assets, and the other relief granted herein is or shall be required.

F.  A reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein has been afforded to all known interested persons and entities, including: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for Buyer; (iii) counsel to Silverpeak Credit Partners LP ("Silverpeak"); (iv) any entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Purchased Assets; (v) any party reasonably known to have expressed an interest in acquiring some or substantially all of the Purchased Assets; (vi) the Internal Revenue Service; (vii) the United States Attorney's offices for the District of Delaware; (viii) the Illinois Environmental Protection Agency; and (ix) the United States Environmental Protection Agency.

G.  As demonstrated by the testimony and/or other evidence proffered or adduced at the Sale Hearing or submitted by affidavit or declaration before the Sale Hearing, (1) the Trustee has appropriately marketed the Purchased Assets under the circumstances; and (2) a full, fair and reasonable opportunity has been given to any interested party to make a higher or better offer for the Purchased Assets.

H. The Buyer is authorized to credit bid up to the amount set forth in the Purchase Agreement in respect of the Purchased Assets over which Silverpeak has a first-priority lien and allowed secured claim pursuant to section 363 of the Bankruptcy Code. The Trustee has investigated Silverpeak's claims and liens and determined there is not a basis to challenge such claims and liens and no other party in interest has asserted a basis to challenge to such claims and liens.

I. The Purchased Assets are property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code and all of the Debtor's right, title and interest in and to the Purchased Assets shall be conveyed to the Buyer upon closing.

J. The Bid Procedures set forth in the Bid Procedures Order were non-collusive and substantively and procedurally fair to all parties.

K. The Buyer (i) is purchasing the Purchased Assets in good faith and (ii) is a good faith purchaser for value within the meaning of section 363(m) of the Bankruptcy Code and therefore is entitled to the full protections of that provision and any other applicable or similar bankruptcy or non-bankruptcy law. The Buyer and Silverpeak otherwise have proceeded in good faith in all respects in connection with this proceeding in that, among other things: (a) the Buyer and Silverpeak recognized that the Trustee was free to deal with any other party interested in acquiring the Purchased Assets, (b) the Buyer and Silverpeak were subjected to a bidding process designed to solicit competitive bids, (c) all payments to be made by the Buyer in connection with the Purchase Agreement have been disclosed, (d) the Buyer and Silverpeak have not violated section 363(n) of the Bankruptcy Code by any action or inaction, and (e) the Purchase Agreement was negotiated, proposed and entered into in good faith and from arm's-length bargaining positions with the parties represented by competent counsel of their choosing.

L.  The Buyer has demonstrated its financial wherewithal to satisfy its obligations under the Purchase Agreement, including its payment of the cash portions of the Purchase Price and otherwise provided adequate assurance of future performance of the Purchase Agreement.

M.  The consideration provided by the Buyer pursuant to the Purchase Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory or possession thereof or the District of Columbia (including the Uniform Fraudulent Transfer Act, Uniform Voidable Transactions Act, and the Uniform Fraudulent Conveyance Act). The Purchase Agreement was not entered into, and neither the Trustee nor the Buyer has entered into the Purchase Agreement or propose to consummate the Sale Transaction, for the purpose of hindering, delaying or defrauding the Debtor's present or future creditors.

N.  Subject to the entry of this Sale Order, the Trustee has full power and authority to execute, deliver and perform the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized. No government, regulatory or other consents or approvals other than those provided for in the Purchase Agreement are required for the Trustee to consummate the Sale Transaction described therein.

O.  The transfer of the Purchased Assets to the Buyer shall be a legal, valid and effective transfer of the Purchased Assets and shall vest the Buyer at Closing with all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all liens, claims, encumbrances and other interests, other than as explicitly set forth in the Purchase Agreement (collectively, "Liens").

P.  A sale of the Purchased Assets other than one free and clear of Liens on the terms set forth herein would be of substantially less benefit to and would adversely affect the Estate.

Q. The Buyer will, including by way of entering into the Purchase Agreement, and the provisions relating to the Assigned Contracts therein (i) cure any default existing prior to the date hereof under any of the Assigned Contracts that are executory contracts or unexpired leases under section 365 of the Bankruptcy Code and (ii) provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assigned Contracts, solely in the amount set forth in the Cure Notice (unless otherwise ordered by the Court), and Buyer will provide adequate assurance of future performance of and under the Assigned Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

R. The Cure Notice, identifying all Assigned Contracts that will be assumed and assigned or otherwise transferred to the Buyer under the Purchase Agreement plus the corresponding cure amount shall be served on all non-Debtor counterparties to such Assigned Contracts identified therein on or prior to 30 days from entry of this Sale Order. Such notice shall be good, sufficient and appropriate under the circumstances and no other or further notice need be provided in connection with the transfer, assumption and assignment of the Assigned Contracts and fixing of cure amounts related thereto.

S. To the extent any Assigned Contract is not an executory contract or unexpired lease subject to section 365 of the Bankruptcy Code, the Trustee is authorized to transfer all of the Debtor's rights and obligations under such Assigned Contract and the associated Purchased Assets to the Buyer, pursuant to section 363 of the Bankruptcy Code.

T. Failure to object to the transfer, assumption and assignment of an Assigned Contract is deemed consent to the transfer assumption and assignment.

U.      The Trustee may sell the Purchased Assets to the Buyer free and clear of all Liens in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Those holders of Liens against the Debtor, the Estate or any of the Purchased Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code.

V.      The Buyer is not a mere continuation of the Debtor or its estate, and there is no continuity of enterprise or common identity between the Buyer and the Debtor.  The Buyer is not holding itself out to the public as a continuation of the Debtor or its estate.  To the fullest extent legally permissible, and except as otherwise explicitly set forth in the Purchase Agreement, the transfer of the Assets to the Buyer, and the assumption of the Assumed Liabilities by the Buyer does not, and will not, subject the Buyer to any liability whatsoever, with respect to the Debtor or the operation of the Debtor's businesses prior to the Closing or by reason of such transfer including under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any, or any theory of, successor, vicarious, antitrust, environmental, revenue, pension, ERISA, tax, labor (including any WARN Act), employment or benefits, de facto merger, business continuation, substantial continuity, alter ego, derivative, transferee, veil piercing, escheat, continuity of enterprise, mere continuation, product line, or products liability or law, or other applicable law, rule, or regulation (including filing requirements under any such law, rule, or regulation), or theory of liability, whether legal, equitable, or otherwise.

W.      It is a reasonable exercise of the Trustee's business judgment to consummate the Sale Transaction contemplated by the Purchase Agreement and all related agreements, and such

actions are in the best interests of the Estate and creditors. The consummation of the Sale Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b), and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale Transaction.

X. The Purchase Agreement is a valid and binding contract between the Trustee and the Buyer, which is and shall be enforceable against the Buyer and the Trustee according to its terms.

Y. The Trustee has articulated good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(g), and 6006(d).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted as set forth herein.

2. Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled.

**Approval of the Purchase Agreement and the Sale Transaction**

3. The Purchase Agreement and the Sale Transaction contemplated thereunder are hereby approved.

4. The Buyer's offer for the Purchased Assets, as embodied in the Purchase Agreement, is the highest and best offer for the Purchased Assets under the circumstances and is hereby approved. The credit bid set forth in the Purchase Agreement constitutes a valid, duly authorized credit bid and is propert under section 363 of the Bankruptcy Code and applicable law.

5.      The Trustee is authorized to execute and deliver, and empowered to perform under, consummate and implement the Purchase Agreement, together with all additional instruments and documents that the Buyer reasonably deems necessary or appropriate to implement the Purchase Agreement and effectuate the Sale Transaction, and to take all other and further actions as may be reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer or reducing to possession the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations of the Buyer and Trustee, subject to the terms of and as contemplated by the Purchase Agreement.

6.      The transfer of the Purchased Assets to the Buyer shall vest the Buyer with all right, title and interest of the Debtor in and to the Purchased Assets, free and clear of all Liens, with all such Liens attaching to the net cash proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets, subject to any claims and defenses the Trustee or the Debtor's Estate may possess with respect thereto. All holders of Liens fall within one or more subsections of section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens attach to the net proceeds received by the Trustee.

7.      Subject to the Assumed Liabilities, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to Buyer free and clear of the Liens, and upon the Closing the Buyer shall take the Debtor's right, title and interest to and possession of the Purchased Assets upon consummation of the Purchase Agreement.

8.      Upon the Closing of the Sale, each of the Debtor's creditors and any other holder of a Lien authorized to execute such documents and take all other actions as may be necessary to

release its Lien on the Purchased Assets, if any, as such Lien may have been recorded or may otherwise exist.

9. If any person or entity that has filed financing statements, mortgages, lis pendens or other documents or agreements evidencing Liens on the Purchased Assets and has not delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction or releases of all Liens that the person or entity has with respect to the Purchased Assets, then: (a) the Buyer is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Purchased Assets, and (b) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which shall constitute conclusive evidence of the release of all Liens on the Purchased Assets of any kind or nature whatsoever. Each governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

10. This Sale Order: (a) shall be effective as a determination that, except for the Assumed Liabilities, at Closing, all Liens of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated as to the Purchased Assets being sold (but not, for the avoidance of doubt, released, discharged or terminated with respect to the net proceeds of those Purchased Assets), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all

other persons and entities who may be required by operation of law, the duties of their office or contract to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

11. Except for the Assumed Liabilities, the sale, transfer, assignment and delivery of the Purchased Assets shall not be subject to any Liens. Except for the Assumed Liabilities, all persons holding Liens against or in the Debtor or the Purchased Assets of any kind or nature whatsoever hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Liens of any kind or nature whatsoever against the Buyer or Silverpeak or its respective officers, directors, shareholders, affiliates or partners, its property or its successors and assigns or the Purchased Assets, as an alleged successor, to the greatest extent allowable by applicable law, or otherwise, with respect to any Lien of any kind or nature whatsoever such person or entity had, has or may have against or in the Debtors, their Estates, officers, directors or shareholders or the Purchased Assets.

12. Any person or entity that is currently, or on the Closing Date may be, in possession of some or all of the Purchased Assets shall surrender possession of such Assets either to (a) the Trustee before the Closing or (b) to Buyer or its designee upon or after the Closing.

13. The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtor or Trustee arising under or related to the Purchased Assets other than the Assumed Liabilities or as otherwise set forth in the Purchase Agreement. Without limiting the generality of the foregoing and except as otherwise specifically provided in the Purchase Agreement, the Buyer shall not be liable for any claims against the Debtor or its predecessors or affiliates for any obligations of the Debtor arising prior to the Closing.

14. Each and every filing agent, filing officer, title agent, recording agency, governmental department, secretary of state, federal, state and local official, and any other person and entity who may be required by operation of law, the duties of its office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets, is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction.

## Transfer of Assigned Contracts

15. The Trustee is hereby authorized in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code, as applicable, to (a) transfer, assume, assign and sell to the Buyer, effective and conditioned upon the Closing, the Assigned Contracts and (b) execute and deliver to Buyer such documents or other instruments as the Buyer deem are necessary or appropriate to assign and transfer the Assigned Contracts to the Buyer.

16. With respect to the Assigned Contracts: (a) the Assigned Contracts shall be transferred and assigned to, and following the Closing, shall remain in full force and effect for the benefit of the Buyer, notwithstanding any provision in any such Assigned Contracts (including those of the type described in sections 365(b)(2) and 365(f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer and, pursuant to section 365(k) of the Bankruptcy Code; (b) except as expressly otherwise provided in the Purchase Agreement the Estate shall be relieved from any further liability with respect to Assigned Contracts and the associated Purchased Assets following Closing; (c) the Trustee may assume each of the Assigned Contracts, to the extent such Assigned Contracts are executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code after payment of the applicable Cure

Amount, if any, in the Cure Notice; (d) the Trustee may assign and sell each of the Assigned Contracts, regardless of whether any such Assigned Contract is an executory contract or unexpired lease, in accordance with sections 363 and/or 365 of the Bankruptcy Code, as applicable, and any provisions in any Assigned Contracts that prohibit or condition the assignment of such Assigned Contracts or allow the party to such Assigned Contracts to terminate, recapture, set off (if not exercised pre-petition), impose any penalty, condition renewal or extension or modify any term or condition upon the assignment of such Assigned Contracts, constitute unenforceable anti-assignment provisions, which are void and of no force and effect; (e) all other requirements and conditions under sections 363 and 365, to the extent applicable, (including without limitation, the satisfaction of the requirements under Section 365(c)(1)) of the Bankruptcy Code for the assumption by the Trustee and sale and assignment to the Buyer of each of the Assigned Contracts have been satisfied; and (f) upon Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, as applicable, the Buyer shall be fully and irrevocably vested in all of the Debtor's right, title and interest of each of the Assigned Contracts.

17. Upon the Trustee's transfer and assignment of the Assigned Contracts, no default shall exist under any of the Assigned Contracts and no counterparty thereto shall be permitted to declare or enforce a default by the Debtor, Trustee or Buyer thereunder or otherwise take any action. All defaults or other obligations of the Debtor under the Assigned Contracts arising prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), are deemed satisfied by the payment of the Cure Amount, if any, with respect to each Assigned Contract in those amounts set forth in the Cure Notice, and which were satisfied, or shall be satisfied as soon as practicable, by the Buyer, as provided in the Purchase Agreement.

18. Each non-Debtor party to an Assigned Contract is hereby forever barred, estopped and permanently enjoined from asserting against the Buyer, or the Purchased Assets, any default arising prior to or existing as of the Closing, any indemnification claims or any counterclaim, setoff (if not exercised pre-petition) or any other Claim asserted or assertable against the Debtor. The validity of such assumption, assignment, transfer and sale of the Assigned Contracts, which shall in all events be effective as of the Closing Date, shall not be affected by the pendency or resolution of any dispute between the Trustee and any non-Debtor party to an Assigned Contract.

19. To the extent a counterparty to any of the Assigned Contracts failed or fails to timely object to a Cure Amount, such Cure Amount in the amount set forth in the Cure Notice shall be deemed to be finally determined and any counterparty shall be prohibited from challenging, objecting to or denying the validity and finality of the Cure Amount at any time.

20. The effectiveness of the provisions of paragraphs 14 through 18 of this Sale Order with respect to a particular Assigned Contract shall be subject only to any subsequent ruling of the Court on any timely filed Cure Objection and/or Assumption and Assignment Objection.

21. The failure of the Trustee or the Buyer to enforce at any time one or more terms or conditions of any of the Assigned Contracts shall not be a waiver of such terms or conditions, or of the Trustee's and the Buyer' rights to enforce every term and condition of the Assigned Contracts.

**<u>Additional Provisions</u>**

22. The consideration provided by Buyer for the Purchased Assets under the Purchase Agreement is fair and reasonable and may not be avoided.

23. The transactions are undertaken by Buyer without collusion and in good faith, in accordance with Bankruptcy Code sections 363(m) and 363(n). Accordingly, the reversal or

modification on appeal of the authorization provided herein to consummate the transactions shall not affect the validity of the sale and transfer of the Purchased Assets to Buyer, unless such authorization is duly stayed pending such appeal.  Buyer is a good-faith purchaser of the Purchased Assets and is entitled to all of the benefits and protections afforded by Bankruptcy Code section 363(m) and other applicable law.

24. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's Estate.

25. By virtue of the Purchase Agreement and the Sale Transaction, the Buyer and its affiliates, successors and assigns shall not be deemed or considered to:  (i) be a legal successor, or otherwise be deemed a successor to the Debtor; (ii) have, *de facto* or otherwise, merged with or into the Debtor; (iii) be a consolidation with the Debtor or its estate; or (iv) be an alter ego or a continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or its estate, business or operations, in each case by any law or equity.

26. The Trustee, on behalf of himself and the Estate, hereby deemed to waive any and all "Challenges" (as defined in the *Order (i) Authorizing the Trustee to Use Cash Collateral, (ii) Granting Adequate Protection, (iii) Modifying The Automatic Stay, and (iv) Approving Sharing Arrangement* [Dkt. No. 62]), which Challenges shall be forever waived, released and barred.

27. The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement is hereby authorized and approved in

its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.

28. To the extent of any conflict between the Purchase Agreement and this Sale Order, then this Sale Order shall govern.

29. This Sale Order and the Purchase Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtor (whether known or unknown), any holders of Liens, all non-Debtor parties to any of the Assigned Contracts, the Buyer and all successors and assigns of the Buyer, the Trustee, the Debtor and the Estate, and the Purchased Assets; and (b) shall not be subject to rejection.

30. Each and every federal, state and local governmental agency or department is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction.

31. The provisions of this Sale Order are nonseverable and mutually dependent.

32. The fourteen-day stay otherwise imposed by Bankruptcy Rules 6004(h), 6006(d) and 7062 is hereby waived, and this Sale Order shall be effective immediately upon entry.

33. This Court shall retain jurisdiction to interpret, implement and enforce this Sale Order.

221076634v1

Dated: May 7th, 2021
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE